UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ___ D.C.
JUL 22 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Natalie White, Trustee of the Natalie Nicolette White Irrevocable Living Trust,
*Plaintiff,*

25-cv-61463-PAB

v.

II Delwood West Condominium Association, Inc.; Igna Alexeex, in her individual capacity; Judge John Hurley, in his individual capacity and/or acting outside the scope of judicial immunity; NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING; Brenda D. Forman, in her individual capacity; and Youssef Diab, and the State of Florida
*Defendants.*

Case No.: _____
Lower Court Case No.: CONO-24-010140 (County Court) and CACE-24-007339 (Circuit Court, 17th Judicial Circuit in and for Broward County, Florida)

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**
**JURY TRIAL DEMANDED**
_____/

## I. INTRODUCTION

Plaintiff Natalie White, Trustee of the Natalie Nicolette White Irrevocable Living Trust ("Plaintiff"), brings this action under 42 U.S.C. § 1983 to redress the deprivation of rights guaranteed under the United States Constitution.

## II. STATEMENT OF THE CLAIM

This action seeks redress under 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights arising from two conflicting foreclosure proceedings involving the same real property. Plaintiff alleges that government officials and private actors, acting jointly and/or under color of law, engaged in conduct that denied her procedural due process, access to the courts, and fair notice. She seeks injunctive and declaratory relief, compensatory damages, and equitable relief to restore her property rights and prevent further constitutional harm.
Plaintiff was deprived of due process in two overlapping state foreclosure proceedings initiated by both a condominium association and a mortgage servicer who have simultaneously asserted inconsistent legal claims over the same real property.
The acts and omissions of the Defendants, acting under color of law or in concert with state actors, directly resulted in the unlawful taking of Plaintiff's private property and deprivation of property interest in her condominium unit.

Page **1** of **8**

## III. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).
2. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in Broward County, Florida.

## IV. PARTIES

3. Plaintiff, Natalie White, is the Trustee of the Natalie Nicolette White Irrevocable Living Trust and resides in Broward County, Florida.
4. Defendant Delwood West Condominium Association, Inc. is a Florida nonprofit association and acted jointly with court officers to deprive Plaintiff of her constitutional rights.
5. Defendant Igna Alexeex, in her individual capacity, was the judicial assistant responsible for coordinating hearings in the case but failed to perform her duty, contributing to the deprivation of due process.
6. Defendant John Hurley is a judge in the 17th Judicial Circuit Court in and for Broward County, Florida, and is sued in his individual capacity for actions allegedly taken outside the scope of judicial immunity. The Court never proved they had jurisdiction making all actions and judgements null and void.
7. Defendant NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING is a mortgage servicing company that initiated a concurrent foreclosure action against the same property despite failing to produce the original promissory note and mortgage agreement, and is named herein for depriving Plaintiff of constitutional due process and fair notice.
8. Defendant Brenda D. Forman, in her individual capacity as Clerk of the Courts for the 17th Judicial Circuit, Broward County, Florida. Defendant Forman is responsible for ensuring court records are processed accurately and promptly. She is being sued in her individual capacity for actions taken outside the scope of her official duties that violated Plaintiff's rights.
9. Defendant Youssef Diab, an individual residing in Orlando, FL, who purchased Plaintiff's private property located in Davie, FL at a foreclosure auction held on May 23, 2025. Plaintiff seeks declaratory and injunctive relief against Defendant Diab to void the Certificate of Title issued pursuant to an unlawful and Unconstitutional foreclosure process.
10. Defendant the State of Florida. Plaintiff names the State of Florida solely for the purpose of seeking injunctive and declaratory relief to remedy ongoing violations of her constitutional rights. Plaintiff does not seek any monetary damages from the State of Florida at this time.

## V. FACTUAL ALLEGATIONS

**Allegations Specific to II Delwood West Condominium Association, Inc., Inga Alexeex, and Judge John Hurley**

11. Plaintiff was the defendant in a foreclosure action brought by II Delwood West Condominium Association, Inc., in the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. (County Court Case No. CONO-24-010140)
12. On August 5, 2024, the Plaintiff filed a Motion to Dismiss with Prejudice due to Lack of Subject Matter Jurisdiction but the Judge nor the Defendant never conducted an evidentiary hearing or provided proof showing the Court had jurisdiction over this matter. *(See Exhibit A)*
13. At the hearing on November 7, 2024, the Court granted summary judgment to II Delwood West Condominium Association, Inc., explicitly stating that the Court had jurisdiction despite never resolving Plaintiff's challenge to subject matter jurisdiction, objections or factual disputes.
14. Plaintiff, pro se, filed several timely motions in opposition to summary judgment, including a motion to amend her claim that included genuine issues of material fact, and a motion objecting to the Plaintiff's motion for summary judgment — all filed more than 29 days prior to the scheduled final hearing.
15. In previous filings, Plaintiff's motions were scheduled only after the Defendants (II Delwood West Condominium Association, Inc.) attorney, David Klein, directly contacted her to arrange hearing dates either by phone or email. In this instance, the Defendants (II Delwood West Condominium Association, Inc.) attorney intentionally failed to do so, thereby preventing Plaintiff's motions from being heard and giving him an unfair advantage. *(See Exhibit B)*
16. Contrary to standard court practice, these motions were never scheduled for hearing or considered by the Court. Plaintiff reasonably believed, based on prior communications and her experience with the same court, that the judicial assistant would coordinate scheduling of hearings for pending motions per job description. *(See Exhibit C)*
17. Neither Defendant Igna Alexeex, the judicial assistant, nor Judge Hurley intervened to ensure that Plaintiff's pending motions were acknowledged, noticed, or heard, even though they were part of the court record and clearly material to the outcome of the case.
18. Judge Hurley also asked the Defendants attorney to write all his orders that allowed Defendant to write orders with omission and language that favored his case such as "untimely" and "meritless".
19. Plaintiff contends that this outcome was the result of a concerted effort by the Defendant's (II Delwood West Condominium Association, Inc.) attorney, court staff, and the judge to ignore her filings and fast-track the foreclosure proceeding.

**Allegations Specific to NEWREZ LLC D/B/A Shellpoint Mortgage Servicing**

20. Shellpoint initiated a separate foreclosure action against Plaintiff in Broward County Circuit Court under Case No. CACE-24-007339
21. In the Circuit Court case, Shellpoint Mortgage has not provided the original wet ink promissory note or original mortgage agreement as required under Florida law to establish legal standing to foreclose.
22. Shellpoint responded to Plaintiff's Motion for Production with admissions that they had not filed the original note with the Courts and did not intend to file it until later. *(See Exhibit D)*

23. Plaintiff has a letter on Defendants letterhead that identifies FNMA New Res MBS 3220400202 as the owner of the loan, yet the Defendant claims authority to enforce the note. (*See Exhibit E*)
24. Plaintiff believes the mortgage servicer may not be the lawful holder of the note or entitled to enforce the instrument under Fla. Stat. § 673.3011.
25. Both Shellpoint and II Delwood claim legal interest in foreclosing the same unit, despite there being no adjudicated resolution of priority or lawful ownership.
26. The simultaneous pursuit of two foreclosure actions on the same property presents an irreconcilable legal conflict and caused Plaintiff confusion, expense, and impairment of her ability to defend her ownership rights.

**Allegations Specific to Brenda D. Forman**

27. As the elected Clerk of Courts, Brenda D. Forman is the constitutional officer responsible for all operations and employees in the Broward County Clerk's Office, including filing procedures, motion intake, and docketing.
28. Ms. Forman failed to ensure consistent and accurate guidance to pro se litigants: Plaintiff visited multiple courthouses (North, West, Central) after being told documents could be filed at any location—but clerks at each site provided informed me that I had to file documents at the location where the case was filed giving conflicting instructions, causing significant delays.
29. On October 16 and 25, 2024, Plaintiff called the clerk for updates on a motion scheduling. She was misled into believing it was docketed, yet was denied contact with the assigned Judicial Assistant—despite the office's policy permitting such contact in comparable Circuit Court cases.
30. On November 7, 2024, Plaintiff inquired why her pro se motion was not scheduled for hearing. A clerk told her that the Clerk's office was responsible, and again denied her access to the Judicial Assistant. Later, it was revealed this information was false.
31. On December 13, 2024, Plaintiff attempted to file an emergency motion seeking relief before a foreclosure auction. She was first turned away at Central Courthouse and directed to North; upon arriving, she was told to return to Central—resulting in the motion not being filed in time and irreparable harm—her home was sold at auction.
35. On May 23, 2025, Plaintiff's private property was sold at a foreclosure auction (Reset Sale). Plaintiff promptly visited the Clerk's Office on May 29, 2025, to obtain information regarding the identity of the purchaser in order to serve them in a separate case (Circuit Court Case No. 25-0007743) filed on May 27, 2025, objecting to the fraudulent sale. (*See Exhibit F*)
36. Plaintiff was given a print out of a Certificate of Sale stating "Witness my hand and the seal of the court on May 29, 2025", the day she inquired about the sale and given a number to call on a sticky note. (*See Exhibit G*)
37. Despite it being six days after the auction, the Clerk's Office failed to update case about the sale and purchaser, citing Memorial Day (Monday, May 26) as the reason for the delay. This explanation is inadequate and demonstrates a lack of urgency and responsibility, especially given the time-sensitive nature of Plaintiff's legal filing and the availability of electronic systems.

38. Plaintiff was explicitly told that the Clerk's Office could not release the buyer's information. However, the purchaser's identity was included in the Certificate of Title—a public record that should have been accessible to Plaintiff.
39. This deliberate withholding of information materially impaired Plaintiff's ability to serve the buyer and move forward in her Circuit Court challenge (Case No. 25-0007743), obstructing her access to the courts and undermining her property rights.
40. Furthermore, the Clerk's Office claimed that the Certificate of Title was entered on June 10, 2025. However, Plaintiff later confirmed that the document was not actually filed until June 20, 2025, and it was not recorded in the official public records until July 11, 2025—nearly seven weeks after the auction. (*See Exhibit H*)
41. This prolonged delay in public recordation of a critical legal document constitutes a violation of standard procedural duty and further demonstrates the lack of oversight and failure of timely access under Ms. Forman's supervision.
42. Additionally, the Clerk's Office asserted that there had been no objection filed to the foreclosure sale, which was demonstrably false. Plaintiff had filed a verified objection to the sale in Circuit Court (Case No. 25-0007743) on May 27, 2025.
43. Between June 1 and June 30, 2025, Plaintiff checked on Clerk's Website on multiple occasions, and no purchaser information was available, despite it having been submitted with the Certificate of Title. These interactions reflect a pattern of systemic delays and misinformation under Defendant Forman's administration.
44. These events demonstrate a pattern of deliberate indifference, misinformation, and procedural obstruction by Clerk's Office staff—all occurring under Ms. Forman's supervision and policy framework.

**Allegations Specific to Youssef Diab**

45. On May 23, 2025, a foreclosure auction was conducted by the Clerk of Court in Broward County pursuant to a judgment entered in Case No. CONO-24-010140, initiated by Delwood West Condominium Association.
46. At the auction, Defendant Youssef Diab purchased the private trust property located at 6191 SW 37th Street #202, Davie, Florida, for $73,200.00. (*See Exhibit I*)
47. A Certificate of Title was issued to Defendant Diab and recorded on July 11, 2025, despite Plaintiff's active objections and without consideration of her pending federal and constitutional challenges.
48. At the time of this sale, there were two active and recorded lis pendens filed by Defendant NEWREZ LLC D/B/A Shellpoint Mortgage Servicing on or about May 2024 in connection with the ongoing Circuit Court foreclosure case, Case No. CACE-24-007339 and Plaintiff, Natalie White with Circuit Court case for Deprivation of Due Process and Fraudulent Sale of Private Property, Case No. CACE-25-0007743. (*See Exhibit J*)
49. That lis pendens was properly recorded and placed all potential purchasers on notice that title to the property was in dispute and subject to ongoing litigation.
50. The existence of the lis pendens legally destroyed any claim that Defendant Diab is a bona fide purchaser for value without notice.
51. Therefore, the Certificate of Title issued to Defendant Diab is clouded, and title remains subject to adjudication in the pending state and federal cases.

52. Plaintiff seeks declaratory and injunctive relief voiding the Certificate of Title and quieting title in her favor based on the unconstitutional proceedings that led to the sale and the continuing legal defects surrounding the property's ownership.

## VI. CLAIMS FOR RELIEF

### COUNT I – VIOLATION AND DENIAL OF DUE PROCESS AGAINST II DELWOOD WEST CONDOMINIUM ASSOCIATION, INC., INGA ALEXEEX, AND JUDGE HURLEY

53. Plaintiff re-alleges and incorporates paragraphs 11-19.
54. Defendants, acting under color of law and/or in concert with state officials, denied Plaintiff her right to notice and an opportunity to be heard.
55. Defendants' failure to schedule hearings, consider dispositive motions, and provide notice deprived Plaintiff of a fair hearing and led to the entry of a judgment without due process.
56. Plaintiff suffered injury, including the unconstitutional and unlawful loss of her private property, mental and emotional distress, and denial of equal access to justice.
57. Defendants collectively conspired to prevent Plaintiff's motions from being heard, thus ensuring an uncontested ruling in favor of the Plaintiff in the foreclosure action.
58. This coordinated conduct deprived Plaintiff of due process and access to the court, and created an unlawful, biased process.

### COUNT II – DUE PROCESS VIOLATION BY MORTGAGE SERVICER (NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING)

59. Plaintiff re-alleges and incorporates paragraphs 20-26.
60. Defendant NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING filed a foreclosure complaint in Circuit Court without first proving it was the holder in due course of the original promissory note and mortgage agreement.
61. Plaintiff formally requested inspection and production of these documents, which are essential to determine standing and legal right to foreclose, and Shellpoint failed to produce originals or confirm proper chain of title.
62. Despite the incomplete documentation, Shellpoint continues to pursue a foreclosure action, creating a legal conflict with the concurrent association lien foreclosure.
63. The simultaneous legal actions and lack of legal clarity have denied Plaintiff access to a consistent, fair, and properly adjudicated judicial process.
64. These actions amount to a violation of Plaintiff's constitutional right to due process under the Fourteenth Amendment.

### COUNT III – DENIAL OF ACCESS TO COURTS AND PROCEDURAL DUE PROCESS AGAINST BRENDA D. FORMAN

65. Plaintiff re-alleges and incorporates paragraphs 27-44.

66. Defendant Forman, acting outside the scope of her duties, allowed or caused systemic misinformation, failure to process time-sensitive filings, and denial of access to procedural safeguards.
67. These actions violated Plaintiff's Fourteenth Amendment right to procedural due process, and Florida Constitution Article I, Section 21.
68. Plaintiff suffered loss of property opportunity and emotional distress as a result.

## COUNT IV – QUIET TITLE / DECLARATORY AND INJUNCTIVE RELIEF AGAINST YOUSSEFF DIAB

69. Plaintiff repeats and re-alleges all paragraphs 45-52.
70. Plaintiff seeks a declaration that the foreclosure judgment, sale, and certificate of title issued to Defendant Diab are void due to fundamental constitutional violations.
71. Defendant Diab, as current holder of record title, asserts or may assert a claim adverse to Plaintiff's interest.
72. Plaintiff requests an order quieting title in her favor and enjoining Defendant Diab from asserting ownership, possession, or transfer rights related to the property.
73. Plaintiff further seeks cancellation of the Certificate of Title recorded in favor of Defendant Diab.

## COUNT V – DECLARATORY AND INJUNCTIVE RELIEF AGAINST THE STATE OF FLORIDA

74. Plaintiff repeats and re-alleges all prior paragraphs.
75. Plaintiff seeks future injunctive and declaratory relief against the State of Florida to remedy the systemic constitutional violations occurring through its agents, officers, and judicial officers.
76. Through the Broward County Clerk of Court's Office, judicial officials acting under the authority of the 17th Judicial Circuit, and licensed law firms and debt collectors acting under state authority, the State of Florida has fostered an environment where due process is routinely denied in foreclosure matters.
77. Plaintiff's emergency motion was rejected at the counter of the Clerk of Court's office, resulting in denial of timely judicial review prior to the issuance of a void Certificate of Title.
78. At the time of the auction, Plaintiff's property was also the subject of an active lis pendens filed by NEWREZ LLC and Plaintiff, Natalie White, creating jurisdictional conflicts that state officials failed to address or resolve.
79. Judge John Hurley denied Plaintiff's properly filed jurisdictional challenge without an evidentiary hearing and proceeded to enter orders in a matter over which the court lacked subject matter jurisdiction.
80. These actions, combined with the refusal of the Clerk's Office to docket Plaintiff's motions, and the authorization of title transfer despite unresolved litigation, resulted in a deprivation of Plaintiff's fundamental property rights and access to courts.
81. Plaintiff seeks a declaration that the foreclosure proceedings and resulting sale are void for violation of the United States Constitution and Florida Constitution.

82. Plaintiff also seeks an injunction ordering the State of Florida and its agents to: **A.** Rescind and vacate the Certificate of Title; B. Stay all further foreclosure actions involving the subject property pending final adjudication of this case; **C.** Refrain from denying any future filings by Plaintiff that comply with court procedures.
83. This relief is necessary to prevent ongoing and future harm.
84. Plaintiff does not seek monetary relief from the State of Florida.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment against all Defendants as follows:

1. Compensatory damages in the amount of $145,000;
2. Non-economic damages for emotional distress and constitutional injury in the amount of $105,000;
3. Punitive damages in the amount of $250,000;
4. A declaratory judgment that the foreclosure actions, judicial rulings, and transfer of title violated Plaintiff's constitutional rights;
5. Injunctive relief:
    a) Declare that the Final Judgement of Foreclosure is void as a matter of law for violation of due process;
    b) Voiding the foreclosure sale and Certificate of Title;
    c) Restraining further foreclosure proceedings pending resolution;
    d) Preventing Youssef Diab or any other party from taking possession or transferring title;
    e) Directing the State of Florida and its officers to correct systemic practices violating due process;
6. An order quieting title in Plaintiff's favor;
7. Costs, filing fees, and any further relief this Court deems just and proper.

Respectfully submitted this 22nd day of July 2025,

By: /s/ _N. White_
Natalie White, Pro Se Plaintiff
Trustee of the Natalie Nicolette White Irrv Living Trust
3850 S. University Dr #292734 Davie, FL 33329
Phone: (754) 281-2619
Email: nwhite0525@gmail.com